**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-4656**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MALCOLM EUGENE GOLSON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (CR-01-47)

───────────────

Submitted:  February 19, 2004          Decided:  March 26, 2004

───────────────

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

John G. LaFratta, MAIN STREET LAW OFFICE, Richmond, Virginia, for Appellant.  Laura P. Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Malcolm Eugene Golson pled guilty to distributing fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2000). The presentence investigation report ("PSR") recommended that Golson be sentenced as a career offender based on the instant offense and his prior felony convictions. The district court adopted the findings in the PSR and sentenced Golson to 263 months' imprisonment.

Golson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising one issue: whether Golson received ineffective assistance of counsel. Golson was advised of his right to file a pro se supplemental brief but has declined to do so.

Golson's claim of ineffective assistance of counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000), because the record in this appeal does not conclusively establish ineffective assistance of counsel. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Golson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court

- 2 -

of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED